| | |
|---|---|
| LUMA HALIG | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 17 cv 01837 |
| | ) |
| ILLINOIS COLLEGE OF OPTOMETRY, | ) |
| | ) |
| Defendant | ) |

## ANSWER OF ILLINOIS COLLEGE OF OPTOMETRY TO COMPLAINT

Now Comes, Defendant ILLINOIS COLLEGE OF OPTOMETRY (hereinafter, "ICO" or "Defendant") by its undersigned attorneys Floyd Perkins and Nixon Peabody LLP and Answers the Complaint of Plaintiff LUMA HALIG, (hereinafter, "Ms. Halig" or "Plaintiff"), and states as follows:

## INTRODUCTION

This is a Complaint for damages and injunctive relief brought by a student of ICO. The claims against ICO and faculty of this private educational institution are based upon Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (hereinafter, referred to as the "Rehabilitation Act"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (hereinafter, referred to as the "ADA"). Ms. Halig also relies on the ICO Student Guide (hereinafter, referred to as "Student Guide") and individual agreements between Ms. Halig and ICO, and alleges a pendent breach of contract claim. Ms. Halig has also asserted a claims against ICO for negligent hiring, training, and supervision, for intentional infliction of emotional distress, and injunctive and declaratory relief.

**ANSWER:** ICO denies that the complaint states valid and proper causes of action.

## NATURE AND COMPLAINT OF THE ACTION

1.     Plaintiff Luma Halig is a person with a disability who began attending ICO in 2013.

**ANSWER**: Defendant admits for purposes of this matter that Luma Halig states she is a person with a disability. Defendant admits Plaintiff Luma Halig began attending ICO in 2013.

2.     Upon matriculating, Ms. Halig immediately provided the appropriate documentation to ICO's disability services in order to receive appropriate accommodations for her disabilities.

**ANSWER**: ICO denies the allegation of this paragraph, except ICO admits some information about Plaintiff conditions was provided by Plaintiff to ICO.

3.     Unfortunately, ICO utterly failed to provide Ms. Halig with reasonable accommodations so she was unable to succeed in her classes, which required her to repeat the first year over again.

**ANSWER**: ICO denies the allegation of this paragraph, except ICO admits Plaintiff repeated portions of the first year.

4.     While ICO promised to provide Ms. Halig with her required accommodations this time around, they once again refused to do so.

**ANSWER**: ICO admits it agreed to provide accommodations to Ms. Halig but denies it refused to do so.

5.     Ms. Halig had to get assistance from the Office of Civil Rights (hereinafter, referred to as the "OCR") to ensure ICO would accommodate her needs, as law requires them.

**ANSWER**: ICO denies the allegation of this paragraph, as ICO at all times agreed to reasonably accommodate Plaintiff's needs.

6. Despite Ms. Halig and ICO signing an OCR agreement that required ICO to properly accommodate her disabilities, ICO continued to ignore Ms. Halig's need for accommodations for the next two years and her grades suffered as a result.

**ANSWER**: ICO denies the allegation of this paragraph, except ICO admits the parties signed an OCR agreement.

7. ICO accused Ms. Halig of using her disability as an excuse for poor performance, completely ignoring her pleas for proper accommodations, and expelled her in August 2016.

**ANSWER**: ICO denies the allegation of this paragraph, except ICO admits Plaintiff was expelled in August 2016.

8. Ms. Halig brings this action against Defendant ICO, pursuant to Section 504 of the Rehabilitation Act and the ADA, for discriminating against her based upon her disability, as more fully described below.

**ANSWER**: ICO denies the allegation of this paragraph, that Plaintiff properly brings such actions against ICO.

9. It was necessary for Ms. Halig to hire the undersigned attorneys to file this lawsuit. Upon judgment, Ms. Halig is entitled to an award of attorney fees and costs under the Rehabilitation Act, as well as pursuant to the ADA; 29 U.S.C. §§ 701, *et seq.*, 42 U.S.C. §§ 12101, *et seq.*, and further relief as justice requires.

**ANSWER**: ICO denies the allegation of this paragraph.

## **JURISDICTION**

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. § 1331 (federal question) because the matters in controversy arise under the laws of the United States. In

addition, jurisdiction is conferred upon this Court pursuant to the Rehabilitation Act and the ADA and the federal regulations of both issued thereunder. Further, this Court has jurisdiction to award attorney's fees and costs to Ms. Halig under the Rehabilitation Act and the ADA.

**ANSWER**: The above is a statement of law to which no answer is required.

11.     This Court also has supplemental jurisdiction over Ms. Halig's state claims against Defendant, pursuant to 28 U.S.C. §1367, as there exist claims arising out of the same transaction and occurrence as her federal claims.

**ANSWER**: The above is a statement of law to which no answer is required.

## VENUE

12.     Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to Ms. Halig's claims occurred in this district, and Ms. Halig and Defendant are located in this district.

**ANSWER**: ICO admits the allegation of this paragraph.

## PARTIES

13.     Plaintiff Luma Halig is currently a resident of the State of Illinois and, at all relevant times, was a student at ICO.

**ANSWER**: ICO admits the allegation of this paragraph.

14.     Ms. Halig is also a person with a disability.

**ANSWER**:  Defendant ICO lacks knowledge or information sufficient to form a belief about the truth of the  allegation, as "disability" has multiple meanings and requires known facts, diagnosis and expert opinion to address the specifics of a person's disability. ICO admits Plaintiff claimed

she was a disabled person and she had certain records to support a specific claim of disability, and ICO admits that from her admission, that for purposes of her position as a student ICO accepted her claims that she had a disability, and ICO further provided accommodations to Plaintiff based on the disability condition Plaintiff claimed to have. ICO reserves all right to examine and question Plaintiff's claim of disability and particularly the extent of her disability, but agrees that she made claims of disability and ICO accepted same and provided appropriate accommodations based on what Plaintiff claimed.

15. Defendant ICO is a private optometry school located in the State of Illinois and is duly authorized under the laws of the State of Illinois to educate persons in the professional field of optometry. ICO is located at 3241 S. Michigan Ave, Chicago, Illinois 60616. At all relevant times, ICO was responsible for the care, management and control of all school business within its jurisdiction; including, but not limited to, the training of administrators, educators and other staff members as the rights, and their commensurate duties, as to students with disabilities. In addition, ICO is the recipient of federal financial assistance to assure disabled and handicapped students receive appropriate accommodations and modifications as necessary. ICO may be served by and through its registered agent Floyd D. Perkins at 3 First National Pl, Suite 3500, Chicago, Illinois 60602.

**ANSWER**: ICO admits the allegation of this paragraph, except it denies it has duties or jurisdictions beyond its own activities or campus and denies that any matters are plead against the faculty.

## STATEMENT OF FACTS

16. Ms. Halig suffers from attention deficit disorder, diagnosed anxiety disorder, and dyslexia.

**ANSWER**: ICO lacks sufficient knowledge to know the truth or falsity of the aforesaid allegation and can neither admit nor deny same but demands strict proof thereof, except Ms. Halig has claimed she is disabled and ICO at all times treated her as disabled for providing requested accommodations and accepted that she had disabilities.

17.     Despite her disability, Ms. Halig has had tremendous success in school in the past, earning high marks in graduate school and publishing papers, so long as she is put on a level playing field receiving reasonable accommodations.

**ANSWER**: Defendant lacks sufficient knowledge to know the truth or falsity of the aforesaid allegation and can neither admit nor deny the truth of same but demands strict proof thereof, except her previous academic performance was appropriate for admission to ICO.

18.     She began attending ICO's Optometry program in the 2013-2014 term and was initially on track to complete her degree during the 2016-2017 term.

**ANSWER**: ICO admits the allegation of this paragraph; the program is 4 years.

19.     Immediately upon matriculating to ICO, Ms. Halig reached out to ICO's disability services and provided appropriate documentation to secure reasonable accommodations so that ICO could provide her the same opportunities as her non-disabled peers.

**ANSWER**: ICO admits the allegation of this paragraph.

20.     Despite Ms. Halig's efforts to achieve parity with classmates, ICO refused to provide her with the accommodations to which she was entitled.

**ANSWER**: ICO denies the allegation of this paragraph.

21.     ICO did not analyze programmatic objectives to determine how Ms. Halig's disabilities could be met in the classroom, did not counsel her on how to reach out to the ICO Director of Student Development and discuss her situation with professors, and did not alter its test site to provide Ms. Halig with an undistracted place to complete exams.

**ANSWER**: ICO denies the allegation of this paragraph.

22.     Kept off the level playing field, Ms. Halig struggled to succeed; as a result, her grades during the first year were not good, and she was placed on academic probation.

**ANSWER**: ICO denies the allegation of this paragraph, except ICO admits Plaintiff struggled and she was placed on academic probation.

23.     Following extensive meetings with the Student Promotions Committee (hereinafter, referred to as the "SPC"), ICO recommended Ms. Halig repeat the first year classes.

**ANSWER**: ICO denies the allegation of this paragraph, except extensive meetings did occur between the SPC and Plaintiff, and Plaintiff was allowed to continue subject to starting over and repeating parts of the first year.

24.     Despite the year of frustrations and lack of accommodations, Ms. Halig complied with ICO's request. In Fall 2014, Ms. Halig enrolled in first year classes again, this time with the school's purported support in accommodating her disabilities.

**ANSWER**: ICO denies the allegation of this paragraph, except in the Fall 2014 Plaintiff enrolled again in first years classes with ICO's support and with accommodations for her claimed disabilities.

25.     Ms. Halig worked incredibly hard to succeed despite her disabilities and worked earnestly in conjunction with ICO to develop appropriate and reasonable accommodations tailored to her needs.

**ANSWER**: ICO denies the allegation of this paragraph, except it admits appropriate and reasonable accommodations tailored to Plaintiffs claimed needs were developed and provided by ICO.

26.     Ms. Halig's prescribed accommodations included: double time for any written exams, quizzes or other graded in-class works; extended time for any graded or tested practical as specified by a disability expert, notes and material that are fully complete and do not contain any blanks; and quiet testing environments free from any visual or auditory distractions.

**ANSWER**: ICO denies the allegation of this paragraph, and particularly that the above were prescribed accommodations when Plaintiff first started at ICO, but rather when she was first admitted she was to receive 1 ½ time regular time for exams and quizzes and use of a semi private accommodation for regular exam taking.  Later additional accommodations were requested and granted to Halig, including changes to affect 2 times regular allotted time for exams, quizzes and certain class work and with semi private exam rooms.

27.     Despite ICO promising to accommodate Ms. Halig this time as she repeated her first year courses, the school failed to provide her with the breadth of services her disability required.

**ANSWER**: ICO denies the allegation of this paragraph.

28.     ICO has repeatedly used Ms. Halig's disability and underachievement as an easy excuse to avoid implementing accommodations that she is rightfully owed.

**ANSWER**: ICO denies the allegation of this paragraph.

29.    ICO also refused to supplant Ms. Halig's initial first year grades from her cumulative GPA with her new grades, even though her earlier GPA was a direct result of the school's earlier failure to properly accommodate her needs.

**ANSWER**: ICO denies the allegation of this paragraph, except originally ICO refused to change general policy and refused to supplant earlier grades, but at a later date it agreed to supplant certain grades.

30.    Thus, Ms. Halig's hopes for 2014-2015 success were dashed before the year began; she not only had to work again without proper accommodations, but she began her second round of first year classes with an already low GPA caused by ICO's deficiencies in meeting her needs the first time around.

**ANSWER**: ICO denies the allegation of this paragraph.

31.    With her needs still unmet, Ms. Halig continued to struggle. But Ms. Halig was not entirely alone this round, as she fought for recognition from the OCR to assure ICO would not again ignore her needs.

**ANSWER**: ICO denies the allegation of this paragraph; except that ICO admits Plaintiff did engage the OCR and a settlement was agreed to for providing accommodations to Halig.

32.    After prolonged negotiations, Ms. Halig and ICO signed an OCR agreement in Spring 2014, which agreement purportedly assured that the school would properly accommodate Ms. Halig's disabilities.

**ANSWER**: ICO denies the allegation of this paragraph; except an OCR agreement was reached and signed in which the parties agreed to accommodations to be extended to Ms. Halig.

33.    That means during her second run through ICO's optometry program, Ms. Halig should have been granted specific accommodations for her documented disabilities without hesitation. This did not happen.

**ANSWER**:   ICO denies the allegation of this paragraph that such did not happen, but admits during her entire time at ICO including her second run, the Plaintiff was granted appropriate accommodations by ICO without hesitation and in fact when appropriate the accommodations were expanded and or adjusted.

34.    ICO continued to capriciously ignore Ms. Halig's disability and the OCR agreement throughout the next two years. She had to fight each step of the way for accommodations that should have been simply granted.

**ANSWER**: ICO denies the allegation of this paragraph.

35.    For example, Ms. Halig was directed to complete her exams in an open, active conference room where other students were allowed to enter and exit repeatedly, cell phones rang intermittently, and an active printer loudly printed copies for the whole school; allegations that can be corroborated by at least one other student.

**ANSWER**: ICO denies the allegation of this paragraph.

36.    The Student Guide outlines the requirements for examination environments on pages 97 and 98, prohibiting students to enter more than five minutes late and instructing cell phones to be left outside of the exam room.

**ANSWER**:   ICO admits the allegation of this paragraph.

37.     When Ms. Halig brought this deficiency up to the SPC in August 2016, appeals committee member Dr. Colip responded that her lack of success was due to her own failings and that Ms. Halig was merely blaming others. He never responded to her concerns that her needs were not being adequately met.

**ANSWER**:  ICO denies the allegation of this paragraph, except ICO admits it was shared with Ms. Halig that her expulsion was due to her failings but not with those exact words.

38.     In its relationship with Ms. Halig throughout the academic year, ICO consistently and capriciously ignored its own stated institutional policies, regulations and contracts set forth to govern its relationship with its students.

**ANSWER**:  ICO denies the allegation of this paragraph.

39.     Ms. Halig and ICO entered into several contracts prescribing the relationship between the school and the student that are outlined in the Student Guide and individual agreements between Ms. Halig and ICO.

**ANSWER**: ICO denies the allegation of this paragraph, except for the OCR agreement.

40.     The Student Guide promises on page 61 that ICO "will provide reasonable and appropriate accommodations for qualified students for whom a disability substantially limits one or more major life activities."

**ANSWER**:  ICO admits the allegation of this paragraph.

41.     Moreover, in order to "create a more positive educational experience for all concerned," the Student Guide promises on page 113 that students, staff, faculty and visitors will be free of harassment based on disability. Derogatory statements based on someone's disability fall within this policy, as do "some types of conduct which may be acceptable in an informal social setting."

**ANSWER**: ICO admits the allegation of this paragraph.

42.  ICO dumped Ms. Halig into a non-compliant room for testing, excluded her from "clicker" extra credit class points, directed her to use an unreliable note capture system, refused to allow her extra time for laboratory clinicals, and has staunchly responded to Ms. Halig's requests with laments that she is using her disability as an excuse.

**ANSWER**: ICO denies the allegation of this paragraph.

43.  ICO utterly failed to provide Ms. Halig statutorily-mandated aids, even after ICO chastisement by the OCR, and continued to blame Ms. Halig for her failures.

**ANSWER**: ICO denies the allegation of this paragraph.

44.  Ms. Halig's grades dropped precipitously as a result; and, combined with the artificially low GPA from her first attempt in classes, Ms. Halig failed to meet academic benchmarks again in her second attempt.

**ANSWER**: ICO denies the allegation of this paragraph, except admit that Plaintiff failed to meet academic benchmarks again in her second attempt.

45.  In the event of necessary remediation for insufficient grades, ICO lists several options to remediate, all of which are subject to approval by the SPC.

**ANSWER**: Admits there are options to remediate which are subject to approval by the SPC.

46.  In Ms. Halig's case, SPC Chair Dr. Gary Lesher drafted several provisions following SPC meetings with Ms. Halig, detailing specifically Ms. Halig's individual rights and expectations.

**ANSWER**: Defendant lacks sufficient knowledge to know the truth or falsity of the aforesaid allegation and can neither admit nor deny the truth of same but demands strict proof thereof,

except ICO admits Gary Lesher interacted with Ms. Halig of her academic needs and attempted to address issues in her overall student performance.

47.     As recently as June 2016, Dr. Lesher promised Ms. Halig that she had until the end of Fall 2016 to bring up her GPA to remain enrolled in the school.

**ANSWER**: ICO denies the allegation of this paragraph, and states the June 2016 conditions extended to Plaintiff were a series of conditions all of which had to be met.

48.     ICO agents at the SPC hearing displayed open disdain at Ms. Halig's requests for consistent accommodations and then decided to expel her from the program in August 2016.

**ANSWER**: ICO denies the allegation of this paragraph, but admits Plaintiff was expelled in August 2016.

49.     Ms. Halig dutifully appealed her dismissal, to no avail.

**ANSWER**: Admit an appeal was taken which was not successful.

## FIRST CAUSE OF ACTION
### *VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973*

50.     Each of the allegations set forth in paragraphs 1 through 49, inclusive, are hereby incorporated by this reference as if re-alleged fully herein.

**ANSWER**: ICO adopts each answer to paragraph 1 through 49 as the Answer here and incorporates same herein by reference.

51.     The facts as previously described demonstrate violations of Section 504 of the Rehabilitation Act. Ms. Halig is a qualified individual with a disability in the United States, as defined in 29 U.S.C. §705(20).

**ANSWER**: Defendant ICO lacks knowledge or information sufficient to form a belief about the truth of the allegation, as "disability" has multiple meanings and requires known facts, diagnosis and expert opinion to address the specifics of a person's disability. ICO admits Plaintiff claimed she was a disabled person and she had certain records to support a specific claim of disability, and ICO admits that from her admission, that for purposes of her position as a student ICO accepted her claims that she had a disability, and ICO further provided accommodations to Plaintiff based on the disability condition Plaintiff claimed to have. ICO reserves all right to examine and question Plaintiff's claim of disability and particularly the extent of her disability, but agrees that she made claims of disability and ICO accepted same and provided appropriate accommodations based on what Plaintiff claimed.

    52.    ICO receives federal financial assistance, as defined by 29 U.S.C. §794, and, as such, may not discriminate against a person because of her disability.

**ANSWER**: ICO admits the allegation of this paragraph.

    53.    Solely by reason of her disability, Ms. Halig was excluded from the participation in, denied the benefits of, and subjected to discrimination, exploitation and a hostile educational environment at, ICO; such acts and omissions violating the Rehabilitation Act.

**ANSWER**: ICO denies the allegation of this paragraph.

    54.    ICO exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Ms. Halig so that she could continue in her educational program, a violation of the Rehabilitation Act thereby.

**ANSWER**: ICO denies the allegation of this paragraph.

55. In addition, and in the alternative to the above-noted violation of the Rehabilitation Act, ICO also violated the Rehabilitation Act by retaliating against Ms. Halig when she began to advocate for her rights pursuant to the Act. Once Ms. Halig began voicing complaints regarding her lack of accommodations and filed a complaint with the OCR, ICO began treating her disparately from other similarly situated students.

**ANSWER**: ICO denies the allegation of this paragraph.

56. ICO directed Ms. Halig to take her exams in an open, active conference room where other students entered and exited repeatedly and cell phones rang intermittently despite the fact that the Student Guide instructs students to leave cell phones outside of exam rooms.

**ANSWER**: ICO denies the allegation of this paragraph

57. ICO also excluded Ms. Halig from receiving "clicker" extra credit class points and harassed her with accusations that she was using her disability as an excuse for poor performance.

**ANSWER**: ICO denies the allegation of this paragraph.

58. ICO further retaliated against Ms. Halig once again when ICO refused to give her extra time for laboratory clinicals and various other accommodations her medical paperwork requested.

**ANSWER**: ICO denies the allegation of this paragraph.

59. After Ms. Halig voiced grievances regarding her lack of accommodations and filed a complaint with OCR against ICO for failing to provide reasonable accommodations, ICO and its agents and employees responded with retaliation against Ms. Halig by:

    (a) refusing her benefits and privileges offered to similarly situated students and promised by contractual documents;

(b) providing disparate treatment in regards to action against Ms. Halig; and

(c) summarily dismissing Ms. Halig's complaints without proper investigation in violation of written school policy.

**ANSWER**: ICO denies the allegation of this paragraph, except admits Plaintiff complained to OCR.

60. Such acts, omissions and failures by ICO proximately caused injuries to Ms. Halig.

**ANSWER**: ICO denies the allegation of this paragraph.

61. ICO has wrongly caused Ms. Halig to be discriminated against, denied her reasonable accommodations, harassed and retaliated against her, withdrawn her from the program, and intimidated her out of trying again to finish the program at ICO, all in violation of her rights pursuant to Section 504 of the Rehabilitation Act of 1973, thereby depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER**: ICO denies the allegation of this paragraph.

62. Ms. Halig is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the Rehabilitation Act, to allow her access and participation in this education program and to remove any negative notations from her educational record.

**ANSWER**: ICO denies the allegation of this paragraph.

63. It has been necessary for Ms. Halig to obtain the services of an attorney to prosecute this action, and she is entitled to an award of attorney's fees and costs of suit incurred herein.

**ANSWER**: ICO denies the allegation of this paragraph.

## SECOND CAUSE OF ACTION
### *VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT*

64.    Each of the allegations set forth in paragraphs 1 through 63, inclusive, are hereby incorporated by this reference as if re-alleged fully herein.

**ANSWER**: ICO adopts each answer to paragraph 1 through 63 above as the Answer here and incorporates same herein by reference.

65.    Ms. Halig is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2).

**ANSWER**: Defendant ICO lacks knowledge or information sufficient to form a belief about the truth of the allegation, as "disability" has multiple meanings and requires known facts, diagnosis and expert opinion to address the specifics of a person's disability. ICO admits Plaintiff claimed she was a disabled person and she had certain records to support a specific claim of disability, and ICO admits that from her admission, that for purposes of her position as a student ICO accepted her claims that she had a disability, and ICO further provided accommodations to Plaintiff based on the disability condition Plaintiff claimed to have.    ICO reserves all right to examine and question Plaintiff's claim of disability and particularly the extent of her disability, but agrees that she made claims of disability and ICO accepted same and provided appropriate accommodations based on what Plaintiff claimed.

66.    ICO receives federal financial assistance so as to be covered by the mandate of the ADA.

**ANSWER**:  ICO admits the allegation of this paragraph.

67.     ICO is a facility, and its operation constitutes a program and services for ADA purposes.

**ANSWER**: ICO admits the allegation of this paragraph.


68.     ICO failed and refused to reasonably accommodate Ms. Halig in violation of Title II of the ADA. Such failures proximately caused injuries to Ms. Halig.

**ANSWER**: ICO denies the allegation of this paragraph.

69.     ICO failed and refused to reasonably modify its services in violation of Title II of the ADA. Such failures proximately caused injuries to Ms. Halig.

**ANSWER**: ICO denies the allegation of this paragraph.


70.     In addition, and in the alternative, ICO also violated Title II of the ADA by retaliating against Ms. Halig when she began to advocate for her rights pursuant to the Rehabilitation Act. Once Ms. Halig began voicing complaints regarding her lack of accommodations and filed a complaint with the OCR, ICO began treating her disparately from other similarly situated students.

**ANSWER**: ICO denies the allegation of this paragraph.


71.     ICO directed Ms. Halig to take her exams in an open, active conference room where other students entered and exited repeatedly and cell phones rang intermittently despite the fact that the Student Guide instructs students to leave cell phones outside of exam rooms.

**ANSWER**: ICO denies the allegation of this paragraph

72.     ICO also excluded Ms. Halig from receiving "clicker" extra credit class points and harassed her with accusations that she was using her disability as an excuse for poor performance.

**ANSWER**: ICO denies the allegation of this paragraph.

73.     ICO further retaliated against Halig once again when ICO refused her extra time for laboratory clinicals and various other accommodations her medical paperwork requested.

**ANSWER**: ICO denies the allegation of this paragraph.

74.     After Ms. Halig voiced grievances regarding her lack of accommodations and filed a complaint with OCR against ICO for failing to provide reasonable accommodations, ICO and its agents and employees responded with retaliation against Ms. Halig by:

    (a)     refusing her benefits and privileges offered to similarly situated students and promised by contractual documents;

    (b)     providing disparate treatment in regards to action against Ms. Halig; and

    (c)     summarily dismissing Ms. Halig's complaints without proper investigation in violation of written school policy.

**ANSWER**: ICO denies the allegation of this paragraph, except admits Halig complained to OCR.

75.     Such acts, omissions and failures by ICO proximately caused injuries to Ms. Halig.

**ANSWER**: ICO denies the allegation of this paragraph.

76.     ICO has wrongly caused Ms. Halig to be discriminated against, denied her reasonable accommodations, harassed and retaliated against her, and withdrawn her from the program, all in violation of her rights pursuant to the ADA, depriving her of the opportunity to

complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER:** ICO denies the allegation of this paragraph.

77.    Ms. Halig is entitled to injunctive and declaratory relief to reinstate her to a student in good standing at ICO to allow her access and participation in this education program and to remove any negative notations from her educational record.

**ANSWER:** ICO denies the allegation of this paragraph.

78.    It has been necessary for Ms. Halig to obtain the services of an attorney to prosecute this action, and she is entitled to an award of attorney's fees and costs of suit incurred herein.

**ANSWER:** ICO denies the allegation of this paragraph.


### THIRD CAUSE OF ACTION
*BREACH OF CONTRACT*

79.    Each of the allegations set forth in paragraphs 1 through 78, inclusive, are hereby incorporated by this reference as if re-alleged fully herein.

**ANSWER:** ICO adopts each answer to paragraph 1 through 78 as the Answer here and incorporates same herein by reference.


80.    Courts in Illinois and the Seventh Circuit impose a contractual relationship between students and universities. Materials actually provided to students, including enrollment agreements and catalogs, may become part of the agreement.

**ANSWER:** ICO admits the allegation of this paragraph

81.     By admitting Ms. Halig and accepting her tuition payments, ICO has an express and implied contract with Ms. Halig in connection with rights explicitly guaranteed her by the various school materials; which include, but may not be limited to, ICO regulations, circulars, bulletins, publications, ICO administered websites, the Student Guide, and individualized agreements, as described more thoroughly above.

**ANSWER:**  ICO denies the allegation of this paragraph, except ICO admits it has contract obligations with students including the Plaintiff.

82.     At all times relevant, Ms. Halig abided by and governed her conduct by the terms of the aforementioned contracts and met all of her financial obligations to ICO.

**ANSWER:** ICO denies the allegation of this paragraph there are contracts as stated above, but admit she met her financial obligations.

83.     The actions of ICO, including, but not limited to, its discrimination against Ms. Halig, its denial of her requested reasonable accommodations, physical and programmatic accessibility, its harassment of and retaliation against her, and ultimate dismissal of her from the program, each constitute a breach of the express and implied contract and were perpetuated a complete lack of professional judgment whatsoever. ICO not only ignored its Student Guide but also crafted, then ignored, individualized agreements with Ms. Halig without providing any reason for its actions at all.

**ANSWER:** ICO denies the allegation of this paragraph.

84.     Given ICO's egregious disdain for Ms. Halig's disability, there is ample support that ICO's decision to expel Ms. Halig was based on illegitimate disability discrimination,

retaliation for reporting ICO to the OCR, and Ms. Halig's continuing to follow up on her need for reasonable disability accommodations.

**ANSWER:** ICO denies the allegation of this paragraph.

85.     As a result of the breach committed against Ms. Halig, she has been damaged in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER:** ICO denies the allegation of this paragraph.

86.     Ms. Halig is entitled to injunctive and declaratory relief to reinstate her to a student in good standing at ICO to allow her access and participation in this education program and to remove any negative notations from her educational record.

**ANSWER:** ICO denies the allegation of this paragraph.

87.     It has been necessary for Ms. Halig to obtain the services of an attorney to prosecute this action, and Ms. Halig is entitled to an award of attorney's fees and costs of suit incurred herein.

**ANSWER:** ICO denies the allegation of this paragraph.

## FOURTH CAUSE OF ACTION

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

88.     Each of the allegations set forth in paragraphs 1 through 87, inclusive, are hereby incorporated by this reference as if realleged fully herein.

**ANSWER:** ICO adopts each answer to paragraph 1 through 87 as the Answer here and incorporates same herein by reference.

89.  As a result of ICO's intentional conduct and omissions, Ms. Halig suffered, and continues to suffer, great mental and emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

**ANSWER:** ICO denies the allegation of this paragraph.

90.  Ms. Halig has required medical and/or psychological care as the result of ICO's malfeasance and nonfeasance. This has caused Ms. Halig to incur expenses for medical care, treatment, and expenses incidental thereto.

**ANSWER:** ICO denies the allegation of this paragraph.

91.  As a result of the mental distress caused by ICO, Ms. Halig has suffered serious psychological injury, loss of community reputation, medical expenses, and has incurred substantial financial obligations in order to retain attorneys to seek redress against ICO's unlawful conduct, as well as grievous mental suffering, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER:** ICO denies the allegation of this paragraph.

92.  The acts, conduct and behavior of ICO were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Ms. Halig is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER:** ICO denies the allegation of this paragraph.

93.  It has been necessary for Ms. Halig to obtain the services of an attorney to prosecute this action, and Ms. Halig is entitled to an award of attorney's fees and costs of suit incurred herein.

**ANSWER:** ICO denies the allegation of this paragraph.

## FIFTH CAUSE OF ACTION

### *NEGLIGENT HIRING, TRAINING, & SUPERVISION*

94.     Each of the allegations set forth in paragraphs 1 through 93, inclusive, are hereby incorporated by this reference as if realleged fully herein.

**ANSWER:** ICO adopts each answer to paragraph 1 through 93 as the Answer here and incorporates same herein by reference.

95.     At all times material and relevant herein, ICO had a duty of reasonable care to its students, including Ms. Halig.

**ANSWER:** ICO admits the allegation of this paragraph.

96.     At all times relevant herein, ICO had a duty to protect the public, such as Ms. Halig, from the illegal actions of its own agents, officers, employees and others.

**ANSWER:** ICO denies the allegation of this paragraph, except ICO admits it has a duty to act reasonably to protect the public and its students including Plaintiff.

97.     Likewise, at all times relevant herein, ICO had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business and to adequately train and supervise its agents, officers, and employees.

**ANSWER:** ICO admits the allegation of this paragraph.

98.     ICO breached its duties and is, therefore, negligent and liable to Ms. Halig who has suffered serious economic loss, loss of reputation, loss of daily and future income, and caused Ms. Halig to incur substantial financial obligations in order to retain attorneys, as well as

other painful injuries, deprivation of her liberty, grievous mental suffering, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**ANSWER:** ICO denies the allegation of this paragraph.

99.     It has been necessary for Ms. Halig to obtain the services of an attorney to prosecute this action, and Ms. Halig is entitled to an award of attorney's fees and costs of suit incurred herein.

**ANSWER:** ICO denies the allegation of this paragraph.

## RELIEF

**WHEREFORE,** Plaintiff Illinois College of Optometry prays that this Honorable Court enter judgment in its her favor and against the Plaintiff on all Counts, and awarding Defendant costs and disbursements of this action and such other and further relief as justice requires.

DATED this  22nd day of May, 2017

Respectfully submitted,

Illinois College of Optometry

By:_____
One of Its Attorneys

Floyd D. Perkins (fdperkins@nixonpeabody.com)
Nixon Peabody LLP
Attorney for Defendant
70 West Madison St., Suite 3500
Chicago, IL 60602
(312) 977-4411 (office)
(844) 571-6777 (facsimile)

**CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing **ANSWER OF ILLINOIS COLLEGE OF OPTOMETRY TO COMPLAINT** was filed with the Clerk of the Court and copies of same were served on all counsel of record via electronic case filing procedures on May 22, 2017.

/s/ Floyd D. Perkins
Floyd D. Perkins